NOT DESIGNATED FOR PUBLICATION

No. 114,259

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

COLT WILLIAM TOMLIN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed March 2, 2018. Affirmed.

*Michael S. Holland II*, of Holland and Holland, of Russell, for appellant.

*Andrew R. Davidson*, assistant district attorney, *Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., MCANANY and ATCHESON, JJ.

PER CURIAM: Defendant Colt William Tomlin challenges the Reno County District Court's ruling denying his motion to suppress the results of a breathalyzer test used to support his conviction for driving under the influence in violation of K.S.A. 2013 Supp. 8-1567. Tomlin contends his consent to the testing was impermissibly coerced because of the criminal penalties imposed in K.S.A. 2013 Supp. 8-1025, a statute the Kansas Supreme Court has since held to be unconstitutional. The State counters that the district court's ruling may be affirmed because the arresting officer acted in good-faith reliance on K.S.A. 2013 Supp. 8-1025, thereby overriding the exclusionary rule applied

1

to bar evidence government agents obtain in violation of the Fourth Amendment to the United States Constitution.

The district court heard the motion to suppress and the trial of the DUI charge simultaneously based on stipulated facts. The stipulation established that a sergeant with the Reno County Sheriff's Department stopped Tomlin in late May 2014 and had probable cause to arrest him for driving under the influence. After his arrest, Tomlin took a breathalyzer test that showed his blood-alcohol level to be over the legal limit set in K.S.A. 2013 Supp. 8-1567. The district court denied the motion to suppress, found Tomlin guilty, and duly sentenced him. Tomlin appealed. The appeal has been held awaiting rulings in *Birchfield v. North Dakota*, 579 U.S. ___, 136 S. Ct. 2160, 2185-86, 195 L. Ed. 2d 560 (2016); *State v. Ryce*, 303 Kan. 899, 368 P.3d 342 (2016) (*Ryce I*), *aff'd on reh'g* 306 Kan. 682, 396 P.3d 711 (2017) (*Ryce II*); and *State v. Nece*, 303 Kan. 888, 367 P.3d 1260 (2016) (*Nece I*), *aff'd on reh'g* 306 Kan. 679, 396 P.3d 709 (2017) (*Nece II*), and supplemental briefing from the parties on those cases. The Kansas Supreme Court held K.S.A. 2016 Supp. 8-1025 to be unconstitutional in *Ryce II*, 306 Kan. at 700, reaffirming its pre-*Birchfield* determination—a conclusion rendering Tomlin's consent in this case legally tainted.

In its present factual and legal posture, this case presents precisely the same controlling issue bearing on the application of the good-faith exception that this court recently addressed in *State v. Perkins*, 55 Kan. App. 2d ___, Syl. ¶ 6 (No. 112,449, this day decided). We find the reasoning and result in *Perkins* on the point persuasive. We, therefore, affirm the district court's denial of Tomlin's motion to suppress because the arresting officer relied in good faith on K.S.A. 2013 Supp. 8-1025, before it was declared unconstitutional, to inform Tomlin about the legal consequences of declining to take the test. In turn, we affirm Tomlin's conviction and sentence.

Affirmed.